AUGUST C. NANZ, Appellant, v. JESSE OAKLEY, Respondent.

One of two or more joint administrators is not liable for assets which
    came into the hands of the other, or for the laches, waste, devastavit
    or mismanagement of the other unless he consents to or joins therein.
*It seems* their liability in that respect is not affected by the fact that they
    joined in executing the statutory bond.
The sureties upon the bond of co-administrators become liable for the joint
    acts of the principals and for the individual defaults of each; the bond
    will be considered as if each of the principals had executed a separate
    one with the same sureties.·
S. died intestate, leaving D. her only heir at law and next of kin. D. and
    W. were appointed administrators, and they, with defendant and another
    as sureties, executed the usual bond. W. alone administered the estate,
    none of the assets having come into the hands of D.; the latter died, and
    on a final accounting it was decreed that W. should pay over to the
    administrator of D. a sum specified, and he having failed to do so, this
    action was commenced against the sureties upon the bond. *Held*, that
    plaintiff was entitled to recover the amount of the decree.
*Boyd* v. *Boyd* (1 Watts. 365), *Ames* v. *Armstrong* (106 Mass. 15), *Tighe* v.
    *Morrison* (116 N. Y. 263), *Sperb* v. *McCoun* (110 id. 605), distinguished.
*Nanz* v. *Oakley* (37 Hun, 495), reversed.

(Argued January 13, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made October 17, 1885, which affirmed a judgment in favor
of defendant entered upon a verdict directed by the court, and
affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated
in the opinion.

*Wm. H. Arnoux* for appellant. A cause of action exists
against the defendant and in favor of plaintiff. (*Morrow* v.
*Peyton*, 8 Leigh, 64, 65; 3 Bacon's Ab. 30, 31; *Lacey* v.
*Davis*, 5 Redf. 301; *Bruen* v. *Gillett*, 115 N. Y. 10; *Adair*
v. *Brimmer*, 74 id. 541; *Ormeston* v. *Hackett*, 84 id. 339;
*Croft* v. *Williams*, 34 id. 384; *Weetjen* v. *Vibbard*, 5 Hun,
267; *Suderland* v. *Brush*, 7 Johns. Ch. 17; *Peter* v. *Burrill*,
10 Tet. 1, 32; *McKin* v. *Albach*, 130 Mass. 481; *Sperb* v.
*McCoun*, 110 N. Y. 605.) The order of the surrogate is con-

clusive upon the sureties, and they cannot now be heard to question it. (*Scofield* v. *Churchill*, 72 N. Y. 565, 570; *Thompson* v. *MacGregor*, 81 id. 598; *Casoni* v. *Gerome*, 58 id. 315, 321; *Christal* v. *Kelly*, 88 id. 591; *Harrison* v. *Clark*, 87 id. 576, 577; *Bearns* v. *Gould*, 77 id. 455; Laws of 1870, chap. 359, § 1; *Caulfield* v. *Sullivan*, 85 N. Y. 160.) Irrespective of the fact that the surety is estopped by the judgment, and cannot show therein that the surrogate erred in making the decree in any particular, the plaintiff has a right to maintain this action. (*Kirby* v. *Turner*, 1 Hopk. Ch. 309, 332; *Tighe* v. *Morrison*, 116 N. Y. 263; *Biazier* v. *Clark*, 5 Pick. 96.)

*David Thornton* for respondent. No cause of action is made out herein in favor of this plaintiff. (Code Civ. Pro. § 2607.) The assignment to Mundy does not assign any claim against the defendant as surety upon the bond. (*Seymour* v. *C. & N. F. R. R. Co.*, 25 Barb. 284, 301; *Saltus* v. *Everett*, 20 Wend. 267, 269, 275; *Fassett* v. *Smith*, 23 N. Y. 352; *Brown* v. *Peabody*, 13 id. 121; *Beavers* v. *Lane*, 6 Duer, 232; *Stevens* v. *Hyde*, 32 Barb. 171, 178.) No person, by his own transgression, can create a cause of action in his own favor against another. (*Brigg* v. *Easterly*, 62 Barb. 57; *Nanz* v. *Oakley*, 37 Hun, 495; *Sperb* v. *McCoun*, 110 N. Y. 605; *Townsend* v. *Whitney*, 75 id. 425; *Wescott* v. *King*, 14 Barb. 32.) A surety is entitled on payment to be put in the creditor's place, and so have all the creditor's remedies against the principal. (*Lewis* v. *Palmer*, 28 N. Y. 271; *Elsworth* v. *Lockwood*, 42 id. 89, 98; *Hayes* v. *Ward*, 4 Johns. Ch. 123; *N. Y. S. Bank* v. *Fletcher*, 5 Wend. 85; 13 Barb. 526; *Johnson* v. *Corbett*, 11 Paige, 256.) William H. Mundy, to whom the first alleged assignment was made, is the attorney for the plaintiff and appellant herein. An attorney is prohibited from directly or indirectly buying, or in any manner being interested in buying, anything in action, with the intention and for the purpose of bringing an action thereon. (Code Civ. Pro. § 73.)

HAIGHT, J.    One Eliza Munday, as the present owner of the claim in suit, joins with the plaintiff in this appeal.    The action was brought against the defendant, as surety, upon an administrator's bond to recover the amount adjudged by the surrogate to be due and owing by the administrator, and which he was ordered to pay to Cornelius W. Depew, as administrator of Rachel Depew, deceased.

It appears that one Mary Ann Schultz died in the city of New York intestate, and that Rachel Depew was her only heir at law and next of kin.    That on her petition Bornt P. Winant and herself were appointed administrator and administratrix of the estate, and the defendant and one Peter Cortelyou executed the usual bond, which was joint and several, as sureties.  · It further appears that Winant alone administered the estate, and that on a final accounting before the surrogate it was adjudged and decreed that there was in his hands, as such administrator, the sum of $1,930, which with the interest, costs and disbursements of the proceedings to compel him to account, amounted in the aggregate to $4,017.57, which sum he was ordered to pay over to Cornelius W. Depew, as administrator of Rachel Depew, she having died in the meantime. Winant having converted the money to his own use, failed to make payment and the decree was duly docketed, execution issued and returned unsatisfied, and thereupon this action was brought against the defendant, the sole surviving surety upon the administrator's bond, Depew as such administrator having assigned the claim to the plaintiff.

The trial court held that the plaintiff was not entitled to recover, for the reason that Rachel Depew was a co-administratrix with Winant; that she was one of the principals in the bond of which the defendant was surety, and that she could not maintain an action against her own surety for the wrongful acts of her co-principal.    This would be so if by executing the bond she became liable as surety for the devastavit of Winant, her co-principal.    This question has received attention in numerous reported cases in the different states, in some of which it has been held that one executing a bond is

liable for the default of his co-principal. (*Brazier* v. *Clark*, 5 Pick. 96; *Towne* v. *Ammidown*, 20 id. 535; *Newton* v. *Newton*, 53 N. H. 537; *Ames* v. *Armstrong*, 106 Mass. 15; *Boyd* v. *Boyd*, 1 Watts, 365; *Bostwick* v. *Elliott*, 3 Head, 507; *Babcock* v. *Hubbard*, 2 Conn. 536; *Caskie* v. *Harrison*, 76 Va. 85; *Jeffries* v. *Lawson*, 39 Miss. 791; *Braxton* v. *State*, 25 Ind. 82; *Moore* v. *State*, 49 id. 558; *Eckert* v. *Myers*, 15 N. E. Rep. 862.)

In several of these cases the question appears to have received but slight attention. Some have cited as authority the case of *Brazer* v. *Clark* (*supra*), of which we shall speak later on, whilst others have been overruled by later decisions.

In the case of *Boyd* v. *Boyd*, the administrators filed a joint inventory, and it was held that they were jointly and severally liable for the whole amount of the personal property described in the inventory upon the joint and several bond which they had given.

In the case of *Ames* v. *Armstrong*, it was held that the bond was binding upon both of the executors as to all the assets included in their inventory which had come into their joint possession.

In the case of *Brazer* v. *Clark*, two executors gave a joint and several bond with sureties. One died, and afterward the survivor committed waste which the sureties upon the bond had to pay. It was held that they had no right of action for indemnity or contribution against the heirs or representatives of the deceased executor; and to the same effect is the case of *Towne* v. *Ammidown*.

It will be observed that these cases have chiefly been disposed of upon questions of liability outside of the bond, and in the last two cases the decision was in fact against the right to recover.

The Indiana cases to which we have referred have been expressly overruled in the case of the *State* v. *Wyant* (67 Ind. 25), in which case it was held that where two persons as administrators executed a single bond with sureties, such bond must be construed as if each of the principal obligors therein

had executed a separate bond with the same sureties subject to the same conditions; and in such a case after the resignation of one of the administrators, the other may maintain an action against him and his sureties upon the bond for breaches committed by him alone.

In our own state but one case has been found in which the question appears to have been considered, and that was the case of *Kirby* v. *Taylor*, first reported in 6 Johnson's Chancery, 242–253, wherein Chancellor KENT remarks that "it was probably not the intention of the bond that Thompson should himself be considered as a surety for his co-guardian." The same case was again reported in Hopkin's Chancery, 309–331, in which Chancellor SANFORD considers the question in an elaborate opinion, reaching the conclusion that a principal in a guardian's bond is not liable to the sureties for the default of his co-principal.

This question was not considered in the case of *Tighe* v. *Morrison* (116 N. Y. 263); and in the case of *Sperb* v. *McCoun* (110 id. 605), the question was as to whether one administrator could maintain an action upon the bond against the sureties to recover the amount of the devastavit of a co-administrator, and it was held that such action could be maintained even upon its assumption that the plaintiff individually was liable to the sureties upon the bond, but it was expressly stated by the court in its opinion that it did not deem it important to determine the relation which the plaintiff individually, as one of the principals in the bond, bears to the sureties in reference to the default.

The question in reference to the liability of executors and administrators for the default of each other, independent of any bond, is well settled by the authorities. Each of several executors or administrators has the power to reduce to possession the assets and collect all the debts due the estate, and is responsible for all that he receives. The payment of money or delivery of assets to a co-executor or co-administrator will not discharge him from liability; for having received the assets in his official capacity, he can discharge himself only by

a due administration thereof in accordance with the require-
ments of the law. Consequently one joint executor or admin-
istrator is not liable for the assets which come into the hands
of the other, nor for the laches, waste, devastavit or misman-
agement of his co-executor or co-administrator, unless he
consents to or joins in an act resulting in loss to the estate,
in which event he will become liable. In other words, co-exec-
utors and co-administrators may act either separately or in
conjunction. They are jointly responsible for joint acts, and
each is separately answerable for his separate acts and defaults.
(*Bruen* v. *Gillet*, 115 N. Y. 10; *Croft* v. *Williams*, 88 id.
384; *Ormiston* v. *Olcott*, 84 id. 339; *Adair* v. *Brimmer*, 74
id. 539; 2 Woerner's Law of Admin. § 348; Brandt on
Suretyship, etc., § 490.)

It is not claimed that any of the estate came into the hands
of Rachael Depew, as administratrix, or that she as such com-
mitted any act or default that would make her liable for the
devastavit of Winant, unless she may be liable therefor upon
the bond executed by her. The bond thus executed was in
the form required by the statute, conditioned that they should
faithfully execute the trust reposed in them as such adminis-
tratrix and administrator, and that they shall obey all orders
of the surrogate touching the administration of the estate
committed to them. The statute provides that every person
appointed administrator *shall*, before receiving letters, execute
a bond to the people of the state, with two or more competent
sureties, to be approved by the surrogate and to be *jointly and
severally bound.* (3 R. S. [6th ed.] 82, § 56.)

So that, before receiving letters, she was required to execute
the statutory bond, and having been associated with Winant
as co-administratrix, she joined with him in executing the bond
in which they each undertook to faithfully execute the trust
reposed in them as administratrix and administrator. What
was the trust reposed in her as administratrix? It was to
administer upon the money and assets coming into her hands,
and for which she become personally liable, and for such
assets as came into their joint possession in which they became

jointly liable to administer and account, and not to execute the trust as to money and assets which came into the exclusive control and management of her co-principal, over which she had no jurisdiction or control. They were to obey all orders of the surrogate touching the administration of the estate committed to them. What orders was she to obey? Those that were addressed to her, not those that were addressed to her co-administrator. The object of an administrator's bond is to enforce or insure the discharge of the duty reposed in the persons appointed. It was not intended in requiring such a bond to be executed, to change the liability or duties of the persons appointed from that which existed under the provisions of the statute independent of the bond. The bond was not intended to vary their obligation or their rights and duties as are defined by law. Their duties were the same after the bond had been given as they would have been had no bond been required or executed. They were consequently jointly liable for joint acts, and severally liable for their own acts. Rachael Depew and Winant each signed the bond as principal. Neither signed it as surety. The defendant signed as surety, and as such she became liable for the joint acts of the principals and for the individual defaults of each.

It is true they joined in executing a single bond jointly with sureties. They doubtless had the right to execute and file separate bonds; but this was unnecessary, for their act in executing the one instrument should be construed as if they had executed separate bonds. Joint administrators may be willing to undertake the trust reposed in them when each knows that he is responsible only for his own acts and those in which he joins with his associate, when he would not be willing to become surety for the separate acts of his colleague. The claim that joint liability for the acts of each other under the bond will promote diligence on the part of the principals, does not appear to us to be well founded. It may be true that sureties are at times without power by timely intervention to prevent waste by one of several administrators, but such want of power may be equally true in reference to the other joint

administrators. As we have seen, one may collect a debt or take into his possession an asset, and having reduced it to possession, he must be responsible for the proper administration of it. His associate cannot demand or recover it from him, and should he see fit to abscond or commit waste without the knowledge of his associate, such associate would have no other, further or greater power to prevent it than the surety.

Other questions were raised upon the argument in reference to the transfer of this claim to the plaintiff, but none which we deem it necessary here to discuss.

As to the appeal of Eliza Mundy, we have not thought it necessary to consider at this time. It has done no harm. No motion was made to dismiss in this court. Such motions have been made in the court below, one of which is said to be still pending.

For the reasons already stated, the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except Follett, Ch. J., and Vann, J., dissenting.

Judgment reversed.