### In re ADAMS et al.

(Surrogate's Court, Washington County. December 20, 1899.)

ADMINISTRATOR—LIABILITY OF SURETIES.

Sureties of an insolvent administrator may, though his co-administrator is the sole distributee, be compelled to make good a loss caused by his failure to pay over moneys which had been left in his exclusive control, and which he had left on deposit in his private bank, knowing its insolvency.

In the matter of the settlement of the accounts of J. Melvin Adams and another as administrators of William Cossey, deceased.

L. H. Northup, for J. M. Adams.
Potter & Lillie, for M. A. Cossey.
C. H. Sturges, for Orson W. Sheldon and John Main.

INGALSBE, S. The administratrix, Cossey, is the widow of the decedent, and by various assignments is entitled to the entire distributable estate. Her co-administrator, Adams, was the sole proprietor of a private bank, called the John Hall & Co. Bank, at Ft. Ann. The contention in this matter is made by the sureties, Orson W. Sheldon and John Main. They claim, inasmuch as the administratrix, Mary A. Cossey, is the sole distributee of the estate, that the sureties cannot be obliged to make good the loss incurred through the failure of Adams to pay over the estate moneys which were in his private bank at the time of its failure. Letters of administration herein were issued September 5, 1896. At that time the decedent had $300 on deposit in the John Hall Bank, and a considerably larger amount, together with securities to be converted into money, in a Brooklyn bank. Adams took entire control of the estate. He transferred by check at different times over $2,000 from

the Brooklyn bank to his private bank, where he deposited it in his own name as administrator. This bank failed August 2, 1898, Adams making on that day a general assignment for the benefit of creditors. For a year previous to that time he had been insolvent. The evidence shows that Mrs. Cossey was an illiterate woman, that she could neither read nor write, and that she had no knowledge of business matters. She had entire confidence in her co-administrator, and trusted him implicitly. Adams assumed the entire management of the estate. Mrs. Cossey was not consulted, and the only thing in connection with its management that she ever did was that she once told Adams to let the money which was in the Brooklyn bank "remain just as it had been." She had no knowledge that Adams was insolvent. He had the confidence of the community in which his bank was located, and its prominent business men were depositors at the time of his assignment.

An administrator, in executing his official bond, does not become the surety of a co-administrator. Administrators may act together or separately. They are jointly liable for joint acts, and separately responsible for their separate acts. A surety upon a bond having two or more principals becomes liable, however, not only for their joint acts, but for the separate acts of each. If Mrs. Cossey had had sole charge of this estate, the evidence in the case would not charge her with any liability on account of the money deposited in the John Hall & Co. Bank. In so depositing money, she would have been doing only what prudent, capable, and experienced business men living in the same community were doing. With Adams a different rule prevails. While he was considered to be a man of integrity and responsibility, he knew of his financial condition, and that for a year before the doors of his bank closed he was insolvent. The sureties say that they are not responsible for losses incurred through Adams, for the reason that his co-administrator is the sole distributee here. The case of Nanz v. Oakley, 120 N. Y. 84, 24 N. E. 306, 9 L. R. A. 223, was, in this respect, similar to the one we are considering. That was an action upon an administrator's bond. There were two administrators, one of whom was the sole next of kin of the decedent. The other administrator took entire charge of the estate, and converted it to his own use. The action was brought against a surety by the representative of the deceased next of kin and administrator. Counsel urged the principle that a person by his own transgression cannot create a cause of action in his own behalf against another. The court, however, did not consider it applicable, and held that the action could be maintained. Had Mrs. Cossey acted jointly with her co-administrator, this principle could be invoked, but she did not so act. Throughout his administration of the estate, Adams acted separately and alone, and for his acts the sureties on his bond are clearly responsible.

A decree should be entered directing Adams to pay over the balance remaining in his private bank on deposit to the credit of the estate at the time of his assignment, together with the interest thereon, and that the sureties pay the costs of the proceeding commenced by them.