SUSAN CHILDS, as Administratrix de Bonis Non of JOHN H. CHILDS, Deceased, Appellant, *v.* NATIONAL SURETY COMPANY, Respondent.

First Department, February 6, 1925.

Executors and administrators — action by administratrix d. b. n. against surety of two executors to recover for defalcation of one — bond of executors though executed jointly was, in effect, individual bond of each executor — one executor not liable for torts of other — executrix of coexecutor who did not default not necessary party defendant.

One of two coexecutors is not responsible for the torts committed by the other in the management of the estate, where he does not participate in the commission of the torts.

The bond executed by two coexecutors signed by a corporation as surety is, in effect, the individual bond of each executor and the surety becomes liable for the joint acts of the coexecutors and for the individual defaults of each.

Accordingly, in an action by an administratrix *de bonis non* against a surety company to recover for the default of one of two coexecutors, the executrix of the coexecutor who did not participate in the defalcation is not a necessary party defendant.

APPEAL by the plaintiff, Susan Childs, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of September, 1924, granting defendant's motion to bring in Susan M. Childs, as executrix, etc., of William H. Childs, deceased administrator of John H. Childs, deceased, as an additional party defendant.

*Wurts, Kilburn & Pierce* [*William H. Wurts* of counsel], for the appellant.

*Norwood & Walsh* [*Paul Koch* of counsel; *Carlisle Norwood* with him on the brief], for the respondent.

FINCH, J.:

Plaintiff was appointed administratrix of her deceased son upon the removal of the surviving administrator of the estate for failing to account and embezzling the funds of the estate. She brings this action against the defendant, who was surety on the bond of the delinquent administrator.

It appears that originally there were two administrators of the estate, namely, Frank H. White, the delinquent, and William H. Childs, since deceased, the latter being the father of the intestate and husband of the plaintiff herein, and of whom plaintiff is sole executrix. William H. Childs died about six months after his appointment without having participated in any way in the administration of his son's estate or receiving any of the assets thereof. The bond of the defendant, however, was a joint bond of White and Williams as principals, and the defendant has obtained an order making Mrs. Childs, the plaintiff, a party defendant as executrix of the coadministrator Childs, upon the ground that the defendant has a right of action over against the estate of William H. Childs for any recovery against it because of the actions of the coadministrator White.

In support of the order appealed from the respondent urges that there is an established rule of law "that a surety upon an administration bond may call upon either principal for indemnity, although this may have the effect of rendering one administrator liable for the torts of his coadministrator." The authorities, however, do not support this contention. The case of *Nanz* v. *Oakley* (120 N. Y. 84) is directly to the contrary. The court therein reviews the law upon the subject, holding that one of two or more joint administrators is not liable for assets which came

into the hands of the other, or for the laches, waste, devastavit or mismanagement of the other unless he consents to or joins therein, saying, per HAIGHT, J. (at p. 90): "The object of an administrator's bond is to enforce or insure the discharge of the duty reposed in the persons appointed. It was not intended in requiring such a bond to be executed, to change the liability or duties of the persons appointed from that which existed under the provisions of the statute independent of the bond. The bond was not intended to vary their obligation or their rights and duties as are defined by law. Their duties were the same after the bond had been given as they would have been had no bond been required or executed. They were consequently jointly liable for joint acts, and severally liable for their own acts. Rachael Depew and Winant each signed the bond as principal. Neither signed it as surety. The defendant signed as surety, and as such she became liable for the joint acts of the principals and for the individual defaults of each. It is true they joined in executing a single bond jointly with sureties. They doubtless had the right to execute and file separate bonds; but this was unnecessary, for their act in executing the one instrument should be construed as if they had executed separate bonds."

Had William H. Childs and White executed separate bonds, there would have been no vestige of support for the contention of the surety company that it has a right of action over against William H. Childs' estate for loss suffered by the surety through the individual actions of White. But as pointed out by the court in *Nanz* v. *Oakley* (*supra*), the bond, though jointly given as a matter of convenience, is in effect the several bond of each administrator.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.