In the Matter of the Accounting of HYMAN MATES et al., as Executors and Trustees under the Will of DAVID L. HOROWITZ, Deceased. HYMAN MATES, as Executor and Trustee under the Will of DAVID L. HOROWITZ, Deceased, Respondent. MORRIS COHEN et al., Appellants. (Two Proceedings.)

Argued January 14, 1948; decided March 18, 1948.

*Nathan Frankel* and *Cornelius G. De Loca* for appellants. The surcharge by the Surrogate was proper. (*Matter of Auditore,* 249 N. Y. 335, 278 N. Y. 234; *Meinhard v. Salmon,* 249 N. Y. 458; *Matter of Rosenberg,* 251 N. Y. 115; *Godley v. Crandall & Godley Co.,* 212 N. Y. 121.)

*Abraham Wilson, Lawrence T. Gresser, Jr.,* and *Emil Morosini, Jr.,* for respondent. I. A corporate director is liable only for his own wrong. The affairs of the corporation were managed and conducted by the two employee-directors who had long been associated in the enterprise with the testator and who constituted the majority of the board of directors; respondent was merely the legal advisor; his judgment on business matters was neither sought nor accepted by the two businessmen who, as president and treasurer, were actually in charge of the company's affairs. Respondent may be surcharged as one of the estate's fiduciaries only if he would have been liable to the corporation in an action brought by it or in its behalf. (*Godley v. Crandall & Godley Co.,* 212 N. Y. 121; *Carr v. Kimball,* 153 App. Div. 825, 215 N. Y. 634; *Bloom v. National Sav. & Loan Co.,* 81 *Hun* 120, 152 N. Y. 114; *Cassidy v. Uhlmann,* 170 N. Y. 505; *Twin-Lick Oil Co. v. Marbury,* 91 U. S. 587; *Fort Payne*

*Rolling Mill* v. *Hill,* 174 Mass. 224; *Cornell* v. *McMillin,* 177 F. 25; *Blaustein* v. *Pan American Petroleum & Transport Co.,* 263 App. Div. 97, 293 N. Y. 281; *Diamond* v. *Davis,* 38 N. Y. S. 2d 103, 265 App. Div. 919, 292 N. Y. 552.) II. The extra compensation which is the subject matter of the surcharge was awarded to respondent's cotrustee and several other employees of the corporation by the votes of two of the three members of its board of directors; although respondent did not initially approve such action, it represented the judgment and discretion of the two businessmen who were engaged in the conduct of a successful enterprise. (*Matter of Auditore,* 249 N. Y. 335, 278 N. Y. 234; *Matter of Browning,* 258 App. Div. 621; *Everett* v. *Phillips,* 288 N. Y. 227; *Kalmanash* v. *Smith,* 291 N. Y. 142; *Hornstein* v. *Paramount Pictures,* 37 N. Y. S. 2d 404, 266 App. Div. 659, 292 N. Y. 468; *Chelrob, Inc.,* v. *Barrett,* 293 N. Y. 442; *Bagley* v. *Carthage, W. & S. H. R. R. Co.,* 165 N. Y. 179; *Gaul* v. *Kiel & Arthe Co.,* 199 N. Y. 472; *Murray* v. *Smith,* 224 N. Y. 40; *Atwater* v. *Elkhorn Valley Coal-Land Co.,* 184 App. Div. 253; *Tilton* v. *Gans,* 90 Misc. 84; *Robbins, Inc.,* v. *Hill,* 81 Misc. 441; *Bull & Co.* v. *Morris,* 132 Misc. 509, 226 App. Div. 868; *Church* v. *Harnit,* 35 F. 2d 499; *Seitz* v. *Union Brass & Metal Mfg. Co.,* 152 Minn. 460.) III. Respondent did not violate any legal direction in the testator's will; he was not guilty of fraud, embezzlement, misappropriation or bad faith. He never received any part of the extra compensation in question and did not benefit in any way from the action of the board of directors. (*Croft* v. *Williams,* 88 N. Y. 384; *Holmes* v. *Saint Joseph Lead Co.,* 84 Misc. 278, 163 App. Div. 885; *Matter of Rosenberg,* 213 App. Div. 167; *Matter of Berri,* 130 Misc. 527; *Matter of Gerbereux,* 148 Misc. 461; *Hirsch* v. *Jones,* 191 N. Y. 195; *Bagley* v. *Carthage, W. & S. H. R. R. Co.,* 25 App. Div. 475, 165 N. Y. 179; *Matter of Ximinez,* 107 Misc. 460; *Matter of Pulitzer,* 139 Misc. 575; *Matter of Adler,* 164 Misc. 544; *Lent* v. *Howard,* 89 N. Y. 169; *Wilmerding* v. *McKesson,* 103 N. Y. 329; *Bruen* v. *Gillet,* 115 N. Y. 10; *Matter of Wagner,* 132 App. Div. 306.) IV. The fiduciaries were expressly authorized by the testator to liquidate, dissolve or discontinue his business enterprise in their discretion. The remaindermen and their attorneys requested liquidation of the business; liquida-

tion was had at their instance and for their benefit. (*Benton* v. *Safe Deposit Bank,* 255 N. Y. 260; *Crabb* v. *Young,* 92 N. Y. 56; *Matter of Knower,* 121 Misc. 208; *Matter of Kramer,* 172 Misc. 598; *Warren* v. *Pazolt,* 203 Mass. 328; *Little* v. *Garabrant,* 90 Hun 404, 153 N. Y. 661; *Continental Securities Co.* v. *Belmont,* 206 N. Y. 7.) V. There was no evidence sufficient in law to warrant the surcharge, particularly as against the respondent. (*Presidio Mining Co.* v. *Overton,* 261 F. 933; *Chabot & Richard Co.* v. *Chabot,* 109 Me. 403; *Ransome Concrete Machinery Co.* v. *Moody,* 282 F. 29; *Church* v. *Harnit,* 35 F. 2d 499; *Godley* v. *Crandall & Godley Co.,* 212 N. Y. 121; *Murray* v. *Smith,* 224 N. Y. 40; *Queeney* v. *Willi,* 225 N. Y. 374; *Von Reitzenstein* v. *Tomlinson,* 249 N. Y. 60; *Matter of Stern,* 137 Misc. 668, 235 App. Div. 60, 261 N. Y. 617; *Matter of Clark,* 257 N. Y. 132; *Matter of De Beixedon,* 262 N. Y. 168; *Matter of Doelger,* 254 App. Div. 178, 279 N. Y. 646.)

DESMOND, J. Testator Horowitz owned at his death about 85% of the stock of D. L. Horowitz, Inc., which corporation he had formed, a little before his death, to take over the wholesale housewares business he had individually operated for many years. Horowitz's will set up certain legacies and trusts and named as executors and trustees, Charles J. Fishman and Hyman Mates. Fishman was testator's half brother and had been, during Horowitz's life, a salesman for the corporation, earning about $5,200 a year. Mates had been the attorney for Horowitz and for the corporation. The will stated the testator's "intention" that the business of the corporation should be carried on by the executors and trustees "for the purpose of better carrying out and enforcing the aims, objects and intentions" of the will. The same paragraph of the will gave the executors-trustees full authority to operate the business, including the right to elect themselves officers and directors of the corporation, with or without salaries, in their discretion, such salaries to be in addition to their commissions as executors and trustees. Further on in the same paragraph, the testator exonerated his executors-trustees from liability for carrying on the business instead of confining themselves to investments legal for trust funds, and exonerated them from liability for "errors or mistakes of judgment."

Executor Fishman became treasurer, and later president, of the corporation, and executor Mates was elected its secretary. Fishman, Mates and an employee were the directors. The period here being accounted for by the executors ran seven and a half years till the business of the corporation was liquidated on November 30, 1943. During that time Fishman received from the corporation annual salaries ranging from $5,200 to $6,600, and Mates received no salary. Fishman and Mates each received an annual director's fee of from $1,000 to $2,000. After a trial of numerous objections to the executors' accounting, the Surrogate held that those payments of salaries and directors' fees were valid and allowable. However, he surcharged both executors, jointly and severally, because of the payment to Fishman alone, in addition to his officer's salary and director's fees, of "bonuses" in the total amount of $16,650, which the corporation paid him during the last two and one-half fiscal years of the corporation's business life. An additional joint and several surcharge was ordered by the Surrogate against both executors because, when the corporation liquidated its business, there was paid to Fishman, extra or "severance" salary for six months beyond the winding-up date. All these payments to Fishman had been authorized by the votes of the three directors, including Mates.

Both directors appealed to the Appellate Division but Fishman meanwhile settled his debt by paying a compromised amount to the estate, whereupon he was released with a reservation of right as against Mates, thus leaving Mates alone liable for payment of the balance of the surcharges ordered by the Surrogate (Debtor and Creditor Law, § 234). The Appellate Division modified the Surrogate's final decree on the law, and struck out the whole of the surcharges as against executor Mates, citing *Carr* v. *Kimball* (153 App. Div. 825, 842, affd. 215 N. Y. 634) and holding that a director, though he votes for excessive compensation to his fellow director, may not be directed to return to the corporation any part of the excess remuneration paid to his codirector. From that it followed, said the Appellate Division, that Mates need not pay back Fishman's illegal takings.

We hold, first, that on this whole record, including the fact that for about half the period here accounted for this corpora-

tion operated at a loss, the Surrogate was warranted in finding as a fact that Fishman's compensation, to the extent of his bonuses and unearned half-year salary, was excessive.

That takes us to the question of Mates' liability therefor. We will assume that (under *Carr* v. *Kimball, supra*) Mates, had he been a director only and not an executor also, could not have been held liable to the corporation, whose moneys were withdrawn, with Mates' acquiescence, to overpay Fishman. But Mates was executor of a will, as well as director of a corporation. This court has plainly said in *Matter of Auditore* (249 N. Y. 335) that those two positions carry separate obligations, one superimposed on the other, and that an executor or administrator who, by reason of his executorship or letters of administration, becomes a director of his decedent's corporation, is liable as executor or administrator, to the estate for its losses suffered through his fault. Judge CRANE's opinion, in the first *Auditore* case (249 N. Y. at p. 343) answers in the negative the question he posed: '' Can it be that the only breach of duty was that which he owed the corporation as an officer and that this absorbs and swallows up the duty which he owed the estate? '' (See 2 Scott on Trusts, § 170.22.) Since Mates, whatever his liability might have been had he been sued by D. L. Horowitz, Inc., on these facts, has his separate obligation to the Horowitz estate, we must look to the law of executors' liability to determine the correctness, or incorrectness, of these surcharges, ordered against Mates because of Fishman's excessive compensation.

Ordinarily one of several executors '' is responsible for his own acts, and not for those of his associates '' (*Croft* v. *Williams,* 88 N. Y. 384, 388), but if he knows of, and consents to, his coexecutor's misapplication of the estate's funds, he becomes responsible for what the other has received (*Adair* v. *Brimmer,* 74 N. Y. 539, 561, 562; *Ormiston* v. *Olcott,* 84 N. Y. 339, 345, 346; *Croft* v. *Williams, supra; Wilmerding* v. *McKesson,* 103 N. Y. 329, 339, 340; *Bruen* v. *Gillet,* 115 N. Y. 10, 14, 15; *Nanz* v. *Oakley,* 120 N. Y. 84, 88, 89; 2 Scott on Trusts, § 224.1). An executor who, to carry out his trust, becomes a director of a corporation in which the estate's moneys are invested, remains an executor and is held to the full duty of an executor (see *Matter of Doelger,* 254 App. Div. 178, affd. 279 N. Y. 646 and

second *Auditore* opinion, 278 N. Y. 234, 244). On the Surrogate's findings that executor-director Fishman, with executor-director Mates' assent, took from this corporation moneys Fishman was not entitled to, Mates is liable to the estate for its loss thereby. Fishman's wrongful acts, which Mates voted for, lessened the value of the estate's stock. For the loss from that joint violation of duty, both executors must answer.

The Surrogate, before making his final decree, had entered an intermediate decree fixing the amount of Mates' allowance for legal services to the estate, and directing that such allowance be not paid to Mates but credited against any surcharges. That provision was recited in the final decree later entered. Mates appealed to the Appellate Division from both decrees, and that court, while modifying the final decree on the law by striking out the surcharges and certain other directions, modified the intermediate decree on the facts and the law by striking therefrom the direction that Mates' legal fee be credited against the surcharges. We accordingly treat the Appellate Division's order as a modification, on the law, of all the Surrogate's directions as to surcharging Mates and as to the crediting of his allowances against the surcharges. Since this Appellate Division determination was on the law, we must send the proceeding back to the Appellate Division for a determination on the facts.

The Appellate Division order of modification was " with costs [to Mates], payable out of the estate ". Thereupon the Surrogate entered another decree awarding costs and allowances to Mates, etc., from which decree, as well as from the Appellate Division order, these appellants appealed to this court. The costs and allowances awarded to Mates by the Surrogate's Court after the Appellate Division modification necessarily go down with a reversal of that Appellate Division order.

The Surrogate's intermediate decree of May 28, 1945, and the order of the Appellate Division should be reversed, without costs, and the proceeding remitted to the Appellate Division for a determination on the facts.

LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER, DYE and FULD, JJ., concur.

**Order reversed, etc.**