In the Matter of the Accounting of HYMAN MATES et al., as Executors and as Trustees under the Will of DAVID L. HOROWITZ, Deceased. HYMAN MATES, as Executor and Trustee under the Will of DAVID L. HOROWITZ, Deceased, Appellant; MORRIS COHEN et al., Respondents. (Two Proceedings.)— Upon the original appeal to this court, the final decree of the Surrogate's Court, Queens County, entered January 2, 1946, was modified on the law by striking out the directions therein surcharging appellant, and by striking from the fourth ordering paragraph the direction that commissions there awarded be applied in reduction of the surcharge; and, as so modified, insofar as appealed from, the decree was affirmed. This court also modified the intermediate decree entered May 28, 1945, by striking from the fourth ordering paragraph the words following the figures " $3,500 ", and as so modified, insofar as appealed from, the intermediate decree was affirmed. (272 App. Div. 942.) On appeal to the Court of Appeals the Surrogate's intermediate decree of May 28, 1945, and the order of this court were reversed and the proceeding remitted to this court for a determination on the facts. (297 N. Y. 252.) The objecting legatees have consented that

the surcharge be reduced by the amount of Federal and State taxes that the corporation would have had to pay if the bonuses and severance pay had not been paid by the corporation, which the objecting legatees have computed to be the sum of $2,133.66. We hold that the surcharge should be further reduced by the amount of interest from the dates of the respective payments to Fishman of the items constituting the surcharge to the date of the decree, which interest aggregates $2,165.47. The final decree is modified on the law and the facts by decreasing the amount of the surcharge from $16,022.12 to $11,722.99, in accordance with the foregoing, and, as so modified, the decree, insofar as appealed from, is unanimously affirmed, without costs. The intermediate decree of May 28, 1945, is modified on the law and the facts by striking from the fourth ordering paragraph the words " in the decision rendered by the Surrogate on January 2, 1945 " and, as so modified, insofar as appealed from, is unanimously affirmed, without costs. The Surrogate was warranted in finding as a fact that Fishman's compensation, to the extent of his bonuses and unearned half-year salary, was excessive. If the bonuses and unearned half-year salary had not been paid out, the legatees would not have received or been entitled to receive their legacies plus interest to the date of payment. There is no objection that the legatees have not received their shares at the proper time or that there was any delay in the distribution. Mates has not had the use of any of the money which forms the basis of the surcharge. The will does not require the moneys to be invested. Under the circumstances, the provision for interest from the dates of the respective payments to Fishman to the date of the decree should not have been made. The direction that the counsel fee of $3,500 awarded to Mates should be used as a credit to be applied on account of the surcharge was wholly within the discretion of the Surrogate and that discretion was properly exercised. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ.