Charles T. Yeager, S.
An account, verified July 13, 1950, has been filed by the surviving trustee of the trusts created by the will of Hoyt B. Shehan, deceased. Objections to this account were filed by William J. Trepagnier, individually and as sole beneficiary, and as administrator with the will annexed of the estate of Henry H. Boberts, deceased life beneficiary of the trusts. On the basis of these objections, application was made by William J. Trepagnier to the then Surrogate of Erie County for an order to examine before trial the surviving trustee in his capacity as surviving trustee and with respect to his official positions with Wildroot Company, Inc., stock of which corporation was the principal asset of the trust. From an order limiting the examination to the accountant’s activities as a trustee the objector appealed to the Appellate Division, Fourth Department.
The Appellate Division in its decision of May 18, 1955 (Matter of Shehan, 285 App. Div. 785) ordered that the accounting trustee also be examined with reference to his activities as a voting trustee of Wildroot Company, Inc., stock and as a director and officer of Wildroot Company, Inc., concerning his activities and attitudes with respect to the policies of that corporation regarding the declaration of dividends and accumulation of surplus, and that he produce upon the examination all books, records, papers and documents in his possession pertaining to his activities in the above capacities, citing among others the following authorities: Matter of Hubbell (302 N.Y. 246); Matter of Lewisohn (294 N. Y. 596); Meinhard v. Salmon (249 N. Y. 458); Matter of Horowitz (297 N.Y. 252) Matter of Auditore (249 N.Y. 335).
*64 Thereafter, the objector and his counsel were given access to the corporate materials of Wildroot Company, Inc., available to the surviving trustee, including annual financial statements and reports and minutes of stockholders’ and directors’ meetings. In addition, they have been provided with extensive affidavits by the surviving trustee and by Harry J. Lehman, President of Wildroot Company, Inc., Robert E. Schwartz, Executive Vice President of Wildroot Company, Inc., Alex F. Osborn, Director of Wildroot Company, Inc., and Chairman of the Board of Batton, Barton, Durstine and Osborn, Inc., Leroy H. Hurlbert, member of the law firm of Moot, Sprague, Marcy & G-ulick, and Edward H. Hoch, Certified Public Accountant and member of the firm of Hoch & Denny, accountants for Wildroot Company, Inc. These affidavits relate the facts concerning the inception of the trust, the position, intentions and activities of the surviving trustee as a contingent remainder-man under the trust, the actions of the surviving trustee and the deceased trustee, with relation to the management of the trust fund (particularly with relation to their activities as officials of the Wildroot Company, Inc.) the function and ■actions of the voting trusts of Wildroot Company, Inc., stock and the management and finances of Wildroot Company, Inc.
As a consequence, a stipulation was entered into by all of the interested parties in this proceeding. This stipulation, after reciting generally the above facts, states:
Subsequent to the opinion and order of the Appellate Division described above, the facts relating to the objections were made known to the objector by submission to him and his attorneys of the financial and corporate records of the Wildroot Company, Inc., the attached resume of the testimony which would be offered by the surviving trustee and other witnesses, and by conferences between the parties and attorneys. As a consequence, the objector has now received, since the date of the Appellate Division opinion and order, the information prescribed by that opinion and order, together with additional materials and the summary of testimony relative to the management of the trust fund by the surviving trustee.
The undersignd parties to the above-entitled proceeding and their attornevs. do therefore:
Stipulate that if called as witnesses in behalf of the surviving trustee the following persons, to wit, Welles V. Moot, LeRoy H. Hurlbert, Harry J. Lehman, Alex F. Osborn, Robert E. Schwartz and Edward H. Hoch, would testify in accordance with the attached résumé, and that the same be made a part of the record in this proceeding, and that the document referred to in such résumé and annexed thereto, as well as the auditor’s annual reports of Wildroot Company, Inc., for the years 1942-1949, be received as exhibits and made a part of the record of this proceeding; and further
Stipulate that the construction of the will contained in the Appellate *65 Division opinion (In re Shehan’s Will, 285 App. Div. 785, 141 N. Y. S. 2d 439) shall be binding upon the parties in this proceeding and that in accordance with this construction, Henry H. Roberts was entitled to receive all of income from the trust fund of which he was a life beneficiary from February 28, 1947 to February 28, 1950 instead of the 3/4 share actually paid to him during this period, and that a decree may be' entered in accordance with this construction; and further
Stipulate that it now appears that Welles Y. Moot has continuously applied to charitable purposes all income received by him as residuary legatee from the date of the death of the surviving life beneficiary Henry H. Roberts, February 28, 1950; consummation of his previously expressed intention as stated in the affidavits, Welles V. Moot duly and irrevocably donated and transferred by deed of gift any and all properties, rights and assets of any nature that he or members of his family can or may receive, or be entitled to receive under the Will of Hoyt R. Shehan, deceased, to The Wildroot Foundation, a charitable corporation organized and existing under the laws of the State of New York and approved and recognized by the tax authorities of the State of New York and of the United States Government as a charitable organization and that the said Welles Y. Moot or members of his family, can in no manner gain financially in any respect from any determination of any controversy relating to his accounts as surviving trustee; and further
Stipulate that it appears in the statements in the aforementioned res vané and affidavits that the general business policies of Wildroot Company, Inc., including the policies with relation to the declaration of dividends were, throughout the period in question, determined by the administrative officers of that corporation, not including the surviving trustee or anyone subject to his dominion or control, and that the said Welles Y. Moot did not himself, or through others, determine or control the policies of Wildroot Company, Inc., and did not use his official positions with that corporation or as trustee under the Will of Hoyt R. Shehan to initiate, propound or pursue a policy of nonpayment of dividends to enhance the value of the common stock, and that no such action was taken by him in any event; and further
Stipulate that from the aforesaid résumé of testimony it appears that neither Welles Y. Moot nor the law firm of which he was a member or Mrs. Bertha E. Shehan, Trustee, in any way acted improperly or illegally with respect to the performance of duties as trustee or otherwise under the Will of Hoyt Shehan; and further
Stipulate that certain financial schedules contained in the record on appeal in In re Shehan’s Will, 285 App. Div. 785, 141 N. Y. S. 2d 439, were incorrect in that Schedule B on page 207 of the record, purporting to be a summary of the annual net profit after taxes, dividends paid and amounts transferred to surplus of Wildroot Company, Inc., contained the following grossly incorrect figures: *66 whereas the correct and proper figures for these years, as related in Exhibit 1 attached to the résumé of testimony herein made a part of the record, are as follows: and that the erroneous figures contained in Schedule B, page 207 of the record were inserted therein through error and inadvertence; and further

*65
Net Profit Balance of Net

Year After Taxes Profit to Surplus

1946 $665,717.53 $437,645.03
1947 789,912.58 671,145.61
1948 935,192.25 872,193.39
1949 997,455.16 956,763.58
June 30,
1950 1,257,355.98 1,243,260.20

*66
Net Profit Balance of Net

Year After Taxes Profit to Surplus

1946 $481,381.96 $253,309.46
1947 354,084,34 235,317.37
1948 265,225.56 202,226.70
1949 129,355.68 88,664.10
June 30, 1950 302,272.07 288,176.29
Stipulate that the objections filed by William J. Trepagnier individually, as sole beneficiary and as administrator with the will annexed of the estate of Henry H. Roberts, excepting that objection relating to the construction of the Will, shall be withdrawn, and that Welles Y. Moot and his attorneys, the said William J. Trepagnier and his attorneys, and Mary E. Griffith Davis and Sarah Louise Griffith Bowden, and their attorney, hereby consent to the entry of a decree approving and judicially settling the accounts of Welles Y. Moot and discharging the said Welles V. Moot from any and all liability other than with respect to the objection relating to the construction of the will, in accordance with this stipulation, and
Mary E. Griffith Davis, life beneficiary, and Sarah Louise Griffith Bowden, principal beneficiary, stipulate that they have filed no objections to the accounts of Welles Y. Moot and that they have approved and accepted the said accounts as filed, in accordance with this stipulation, and that they have throughout approved and do now ratify the acts of the said Welles Y. Moot, the law firm of which he was a member, and Mrs. Bertha E. Shehan, as trustee or otherwise in the administration of the trusts created by the Will of Hoyt R. Shehan.
Upon the account as filed, the last will and testament of Hoyt R. Shehan, and the record before this court, it is found that the interpretation of the will with respect to the income payable to the deceased life beneficiary, Henry H. Roberts, which has been adopted by the interested parties in conformance with the expression of the Appellate Division in Matter of Shehan (285 App. Div. 785, supra) is proper, to wit, that the said Henry H. Roberts was entitled to receive all of the income of the trust fund of which he was a life beneficiary from February 28, 1947 to February 28, 1950 instead of the three-fourths share actually paid to him during this period; that the account as filed by the surviving trustee is otherwise correct and proper; and that a decree should be entered finally settling this account and discharging the surviving trustee.
Submit decree in accordance with this decision, on notice.