In the Matter of Alfred CORMAN,
Bankrupt-Appellant,
Manufacturers Trust Company, Appellee.
No. 109, Docket 27715.

United States Court of Appeals
Second Circuit.

Argued Nov. 8, 1962.
Decided Nov. 23, 1962.

Samuel B. Ohlbaum, New York City, for bankrupt-appellant.

Albert X. Bader, Jr., New York City (Simpson Thatcher & Bartlett, New York City, on the brief), for appellee.

Before MEDINA, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM.

In May of 1953, the bankrupt and one Samuel Scheck were adjudged jointly liable to appellee as co-endorsers and co-guarantors of notes executed by two corporations of which they were officers. With accrued interest the total debt on the date of bankrupty was $413,620.52. Appellee proved against the bankrupt for $224,348.30, giving credit for $183,-272.22 paid by the corporations and $6,000 paid by the bankrupt. The bankrupt moved to expunge the entire claim on the ground that a compromise agreement executed on October 14, 1953 and payments thereunder in the amount of $128,191.32 entirely discharged his obligations as co-endorser and judgment debtor. We hold that the obligations were not entirely discharged. But in affirming the District Court's judgment affirming the Referee's order denying this motion, we do not decide the question whether deduction should be made for the payments under the October 14, 1953 agreement.

Section 234 of the New York Debtor and Creditor Law, McKinney's Consol.Laws, c. 12, provides that an obligee's release or discharge of one or more joint obligors shall not discharge other joint obligors against whom said obligee expressly reserves his rights in writing. The parties to the compromise agreement were appellee, on the one hand, and Samuel Scheck and his brother Sidney Scheck and several others, on the other. It was expressly stated that the purpose of the agreement, to which the bankrupt was not a party, was "to compromise the liability of Samuel Scheck," and that all rights against the bankrupt were "expressly reserve[d]". It was further provided that the judgments would be "marked satisfied" or assigned, if requested, and pursuant thereto, upon rendering payment, Sidney Scheck took an assignment of the judgment. While the agreement did specify that $128,-191.32 would be accepted as "payment in full," on the face of the agreement as a whole and the express reservation therein provided, it is perfectly clear that this related only to the discharge of Samuel Scheck and that Section 234 is applicable. In re Horowitz's Estate,

1946, Sur., 64 N.Y.S.2d 4, modified on other grounds, 2nd Dept., 1947, 272 App. Div. 942, 72 N.Y.S.2d 67, reversed on other grounds, 1948, 297 N.Y. 252, 78 N.E.2d 598; Brill v. Brandt, 1941, 176 Misc. 580, 26 N.Y.S.2d 477, affirmed, 1st Dept., 1941, 263 App.Div. 811, 31 N.Y.S. 2d 674, affirmed, 1942, 289 N.Y. 581, 43 N.E.2d 718.

Appellee acknowledges that it is only entitled to payment to the extent of its actual loss, $96,156.98, but its proof was filed and allowed in the amount of $224,348.30. Whether Section 233 of the Debtor and Creditor Law requires that a deduction be made for the payments by the third party, Sidney Scheck, is an issue not raised by the parties or decided by us, and the judgment below is affirmed only to the extent of allowing proof of $96,156.98, with proof of the additional amount of $128,191.32 being left open for such ruling as the District Court may be requested to make.

Judgment modified as directed.