█ In the Matter of the Estate of BENJAMIN WEINSTEIN, Deceased. HERBERT P. SHERMAN et al., Appellants; JUDITH W. KRULL, Respondent.— In a proceeding in which the executors sought approval by the Surrogate's Court, Nassau County, of the sale of personal property, consisting of the assets of two corporations, and of the demise of real property, owned by a third corporation, the capital stock in which corporations had been wholly owned by decedent, the executors and the proposed buyers-lessees appeal from so much of an order of said court, entered September 28, 1965 on reargument, as vacated a prior decree of said court, dated January 4, 1961, insofar as it authorized the executors to sell said assets and demise said real property, upon certain terms and conditions. Order, insofar as appealed from, reversed, on the law, with one bill of costs to appellants jointly, payable by respondent Krull; and decree of January 4, 1961, insofar as vacated by the order appealed from, reinstated. No questions of fact have been considered. In our opinion, where, as at bar, no rights of creditors intervene and the Surrogate is called upon to deal with a situation involving the jeopardy of an estate fiduciary on a question of self-dealing, the Surrogate has discretion to exercise jurisdiction to give advice and direction (Surrogate's Ct. Act, § 215) in the disposition of assets held by the estate through corporations in which decedent had owned all of the shares of capital stock (cf. *Matter of Tannenbaum*, 20 A D 2d 808, 810, affd. 15 N Y 2d 829). Absent the contingencies of impairment of the rights of creditors, or of other parties not before the court, or of the abandonment of their inherent obligations by the fiduciaries who seek advice and direction, which might justify a refusal to exercise jurisdiction, and where the fiduciaries, through the medium of ownership of all of the shares of stock, control a close corporation, the Surrogate possesses the equitable power to disregard the corporate entity and may proceed to treat the estate fiduciaries and their corporate problems with respect to disposition of the corporate assets, and its effect upon the estate, upon the realistic basis that the fiduciaries and the management of the corporation are one and the same (*Matter of Tuttle*, 4 N Y 2d 159, 164; *Matter of Hubbell*, 302 N. Y. 246, 254; *Matter of Horowitz*, 297 N. Y. 252, 258; *Matter of Stulman*, 146 Misc. 861, 865). The doctrine that the Surrogate is differently to treat the problem of rendering advice and direction in instances where the estate owns the entire stock of a corporation and the cases where it owns less than all of the stock (*Matter of Pulitzer*, 139 Misc. 575, 585, affd. 237 App. Div. 808) "seems to be the rule followed by the courts" (1 Warren's Heaton, Surrogates' Courts [6th ed.], § 36, par. 5, subd. [r], p. 5–175, p. 5–176; *Matter of Tannenbaum, supra*). This doctrine, therefore, should not have been disregarded by the learned Surrogate as a mere dictum in *Pulitzer*; and it was erroneous to hold that he had no jurisdiction to make the decree of January 4, 1961, authorizing the consummation of the proposed sale and lease to the three

offerors, one of whom was an executor of the estate. Hill, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur.