In the Matter of the Estate of ETHEL S. ASKEY, Deceased.

Surrogate's Court, Erie County, December 14, 1966.

*Laurence W. Finn* for executrix. *Lesher, Howitt, Manchester & Jenkins (Robert S. Lesher* of counsel), for claimant.

WILLIAM J. REGAN, S. In April, 1965 an order to show cause was commenced by Robert S. Lesher directing the executrix of the estate of Ethel S. Askey to show cause why the compensation of said Robert S. Lesher, as attorney, for legal services " rendered Keats Building Corporation and to the decedent " should not be fixed and determined by the court.

Following the return day of this show cause order and the arguments of counsel, the following order, prepared by Laurence W. Finn, attorney for executrix, was filed in this court on May 19, 1965:

" and it appearing that certain assets of this estate are now in the control of Keats Building Corporation and that said Robert S. Lesher and T. Kaylor Jenkins are surviving officers and directors thereof and have direct control of said assets of said corporation, consisting of bank deposits in the corporate name, and it further appearing that creditors of the estate remain unpaid and will continue to remain unpaid until said assets belonging to the estate are turned to the estate by said Keats Building Corporation to said estate, and it further appearing that petitioner herein asserts claims for various legal services, it is hereby

" ORDERED, ADJUDGED AND DECREED that Robert S. Lesher and T. Kaylor Jenkins, as surviving officers and directors of Keats Building Corporation, and Keats Building Corporation, immediately transfer all cash remaining in the hands of said corporation to Winnifred E. Gauthier, as Executrix herein, except the sum of Two Hundred Fifty ($250.00) Dollars to be retained by Keats Building Corporation and applied in payment of United States Corp. Income tax return, final New York State Franchise Tax return, and filing fees on dissolution of Keats Building Corporation, the balance, if any, to be promptly turned over to said Executor, and it is further

" ORDERED, ADJUDGED AND DECREED that said Executrix hold in reserve out of said monies turned over to her the sum of $1,500.00, pending determination of the legal fees asserted by petitioner, said sum to be bonded, and it is further

" ORDERED, ADJUDGED AND DECREED that upon completion of the estate administration herein said executrix promptly cite petitioner herein for final disposition in this Court of the legal fees issues raised at the aforesaid hearing held in this Court on the afore-mentioned return of the aforesaid show cause order, except that aforesaid further proceedings in this Court on said

legal fees issues need not be necessary if the matter is settled between the parties in the meantime.

William J. Regan, Surrogate "

No further action was taken in this estate until Robert S. Lesher brought a petition to compel an accounting by the executrix, filed in this court September 21, 1966. On November 9, 1966 the accounts of the executrix were filed with a petition to settle same, and all the necessary parties cited. On November 15, 1966, by order of this court, the proceeding for a compulsory accounting and the voluntary judicial settlement proceeding were consolidated and an order included that the claim of petitioner, Robert S. Lesher, be determined in this consolidated proceeding.

The accounting Schedule D recites two separate claims by Robert S. Lesher for " alleged legal services " to Keats Building Corporation and a third claim by said attorney for legal services rendered for " Alleged legal services rendered to the decedent ". As to the claims for services to the Keats Building Corporation, " the executrix denies jurisdiction of the Surrogate's Court ".

There are many cases which indicate that a fiduciary of an estate who is also in a position to control a corporation owned by the decedent may be surcharged in the estate management for causing losses in the corporation assets. (*Farmers' Loan & Trust Co.* v. *Pierson,* 130 Misc. 110; *Matter of Hubbell,* 302 N. Y. 246; *Matter of Horowitz,* 297 N. Y. 252; as well as the dicta in *Matter of Tuttle,* 4 N Y 2d 159.)

These cases also indicate that the court may look beyond the corporate entity and face the realities in such situations. Here the corporation was dissolved pursuant to the above court order. No argument was raised as to the jurisdiction at that time to pay corporation obligations nor was any jurisdictional question raised at that time.

In this case the executrix has caused the solely owned corporation to be liquidated and has, by an order of this court, provided for the payment of certain corporation obligations, such as corporate income tax, New York State franchise tax, and filing fees on dissolution of said corporation. It would seem that the additional order requiring said executrix to hold in reserve from such liquidation funds the sum of $1,500 " pending a determination of the legal fees asserted by petitioner " should be treated in the nature of a trust for that specific purpose.

With the wide jurisdictional latitude afforded the Surrogate's Court it would seem senseless to compel the claimant to pursue

his claims in another forum and then return to the pending judicial proceeding here.

For the above reasons this court decides that it will entertain jurisdiction of the three claims by Mr. Lesher and that a date certain for a hearing on the claims be set by the parties with the Surrogate.